CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
9/3/2024
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| **RALPH LEON HAYES,** | ) | |
| | ) | |
| Appellant, | ) | Case No. 6:24-cv-00004 |
| | ) | Case No. 6:24-cv-00011 |
| | ) | |
| v. | ) | Hon. Robert S. Ballou |
| | ) | United States District Judge |
| **U.S. BANK TRUST, N.A., et al.** | ) | |
| | ) | |
| Appellees. | ) | |

## MEMORANDUM OPINION

Ralph Leon Hayes, proceeding *pro se*, filed appeals from two orders of the United States Bankruptcy Court for the Western District of Virginia. For the reasons below, both appeals, Case No. 6:24-cv-00004 and Case No. 6:24-cv-00011, are **DISMISSED**.

I.  **Background**

In the last fifteen years, Appellant Ralph Hayes has filed seven petitions for bankruptcy under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 301–66, to avoid foreclosure on property located at 1107 Ashburn Drive, Forest VA 24551 (the "Property"), and has appealed at least nine bankruptcy court orders. This Court previously affirmed the dismissal of Hayes 2022 bankruptcy petition, *see Hayes v. Fay Servicing, LLC*, No. 6:22-cv-00063, 2023 WL 2541129 (W.D. Va. Mar. 16, 2023), and dismissed four subsequent appeals for lack of subject matter jurisdiction.[1] Most recently, this Court rejected Hayes's appeal of an order denying his request for intra-district transfer of his December 2023 Chapter 13 petition, Case No. 23-61366, as

---

[1] *Hayes v. U.S. Bank Trust, N.A. et al.*, No. 6:23-cv-00037,-00038,-00049, and -00064, 2023 WL 8631686 (W.D. Va. Dec. 13, 2023).

interlocutory. *Hayes v. U.S. Bank Trust, N.A., et al.,* No. 6:23-cv-00083 (W.D. Va. May 13, 2024).

The Court now addresses Hayes's remaining appeals in Case No. 23-61366. Hayes appeals two orders: (1) the order granting relief to U.S. Bank Trust, N.A. from the automatic stay, No. 6:24-cv-0004, Dkt. 1-3, and (2) the bankruptcy court's March 7, 2024, order dismissing his petition, prohibiting him from filing a new bankruptcy petition for 365 days, and addressing additional miscellaneous motions, No. 6:24-cv-00011, Dkt. 1-3. I find that Hayes's appeal from the automatic stay order must be dismissed as moot. I affirm the bankruptcy court's March 7, 2024 order dismissing his petition and imposing a 365 day bar on filing. Hayes's remaining appeals are dismissed as moot.[2]

## II.     Standard of Review

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When reviewing a bankruptcy court's decision, "a district court functions as an appellate court and applies the standards of review in federal courts of appeal." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (internal quotation marks and citation omitted). A district court "review[s] the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *In re Harford Sands Inc.*, 372 F.3d 637, 639 (4th Cir. 2004) (emphasis added). Clear error exists when a district court "is left with a definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (internal quotation marks and citation omitted). When a case involves questions of law and fact, a district

---

[2] In addition to the required appellant briefs, Hayes has filed five additional briefs and a motion to vacate. No: 6:24-cv-0004, Dkts. 16, 17, 18. No. 6:24-cv-0011, Dkts. 11, 12, 14.   These filings do not address the orders subject to appeal and will not be considered.

court "reviews findings of fact under the clearly erroneous standard and reviews *de novo* the legal conclusions derived from those facts." *Patterson*, 636 B.R. at 662 (citing *Gilbane Bldg. Co. v. Fed. Rsv. Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 905 (4th Cir. 1996)).

### III. Analysis

#### A. Hayes's Appeal of The Bankruptcy Court's Order Granting Relief to U.S. Bank Trust, N.A. From The Automatic Stay is Dismissed as Moot.

Hayes filed this Chapter 13 petition, his sixth, in December 2023. On January 12, 2024, the Bankruptcy Court's issued an order finding that US Bank's request for relief from the automatic stay "[was] warranted due to, *inter alia*, multiple bankruptcy filings affecting the Property." Case No. 23-61366, Dkt. 34. Hayes appealed the order on January 22, 2024. Case No. 6:24-cv-04, Dkt. 1. The bankruptcy court subsequently dismissed the petition in its entirety. Case No. 23-61366, Dkt. 83.

I find that Hayes's January 22, 2024, appeal (Case No. 6:24-cv-00004) is moot and must be dismissed. It is well established that a district court does not have jurisdiction to hear an appeal of an order lifting the automatic stay after the underlying bankruptcy petition is dismissed. *See Glover v. Golden Trestle,* LLC, 2019 WL 5269081, *4–*5 (D. S.C. Sept. 18, 2019). This is because an appellant "los[es] the protections granted by the automatic stay" as soon as his petition is dismissed regardless of whether the bankruptcy court's prior order lifting the stay was proper. *Id.* As the Fourth Circuit explained in *Stith*, 139 F.3d 892, at *1 (4th Cir. Mar. 17, 1998), "whether the stay was properly lifted is moot because, even if the stay should not have been lifted, it terminated when the bankruptcy proceeding was dismissed." Accordingly, Hayes's January 22, 2024, appeal of the bankruptcy court's order granting relief to U.S. Bank Trust from the automatic stay is dismissed as moot.

#### B. The Bankruptcy Court's March 7, 2024, Order is Affirmed

On March 7, 2024, the bankruptcy court dismissed the December 2023 petition and imposed a 365-day prefiling injunction. The order also addressed several pending motions: 1) it denied Hayes's motion to extend time to pay the filing fee or, in the alternative, to proceed in forma pauperis; 2) it denied Hayes's motion to extend time to file schedules and statements; 3) it denied Hayes's motion to extend the automatic stay; and 4) denied Hayes's motion to continue the hearings on the motions to dismiss. No. 6:24-cv-00011, Dkt. 1-3.

Hayes appealed the March 7, 2024 order to this court. His Appellant Brief does not address the bankruptcy court's order directly, and instead, lays out a series of claims against Appellees U.S. Bank Trust and Fay Servicing. Construing these claims liberally, it appears Hayes took out a loan for property in or around 1992. In 2005, Hayes asserts, the loan was rescinded making it "void ab initio" and not subject to foreclosure. He also alleges that the loan was improperly transferred between loan servicers. *See* No. 6:24-cv-00011, Dkt. 11 at 1–2 . He asserts that in servicing his loan and attempting to foreclose on his property, Appellants violated several statutes including 15 U.S.C. §§ 1641 (g), (f)(2), 15 U.S.C. 1692(e)–(f).

Hayes does not specify which of the orders included in the bankruptcy court's March 7, 2024 filing he seeks to appeal. Thus, for completeness, the Court addresses all five.

      i.   Hayes's Bankruptcy Petition was Properly Dismissed

Appellees' brief argues that the bankruptcy court acted within its discretion to dismiss the Chapter 13 petition because Hayes repeatedly failed to comply with the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy procedure. I agree.

A debtor who files a petition under chapter 13 of the Bankruptcy Code is required to file several documents, including: (1) "a list of creditors;" (2) "a schedule of assets and liabilities;" (3) "a statement of the debtor's financial affairs;" (4) "copies of all payment advices or other

evidence of payment received within 60 days before the date of the filing of the petition;" (5) "statement of the amount of monthly net income…;" and (6) "a statement disclosing any reasonably anticipated increase in income or expenditures over the [next] 12-month period…." 11 U.S.C.A. § 521(a)(1). The Code further provides, "if an individual debtor in a voluntary case under chapter [13] fails to file all of the information required. . . within 45 days after the date of the filing of the petition, the case shall be *automatically dismissed* effective on the 46th day after the date of the filing of the petition." 11 U.S.C.A. § 521(i)(1) (emphasis added).

Similarly, 11 U.S.C.A. § 1321 requires Chapter 13 petitioners to "file a [repayment] plan." Unless the court grants an extension, the debtor must file the plan with the petition or within 14 days after the petition is filed. Fed. R. Bankr. P. 3015. 11 U.S.C.A. § 1307 (c) provides that "on request of a party in interest or the United States trustee and after a notice and a hearing, the court…may dismiss a case…, for cause, including…(3) failure to file a plan timely under section 1321."

Here, Hayes failed to file any of the required information, schedules or plans within the prescribed deadlines despite multiple orders and hearings.[3] Case No. 23-61366, Dkts. 12, 55. To the contrary, Hayes represented to the Bankruptcy Court that he "cannot complete schedules

---

[3] Hayes received both notice and a hearing before his petition was dismissed. The US Trustee moved to dismiss Hayes's petition on January 3, 2024 arguing that Hayes's petition should be dismissed, in part, because he failed to file the requisite schedules, statements and pay the filing fees. Case No. 23-61366, Dkt. 27. The Bankruptcy Court scheduled the motion for a hearing on January 25, 2024. On January 17, 2024, Hayes moved to continue the hearing until after March 2024 because he had "several medical procedures… scheduled… and would not be able to attend any hearing during the month of January or part of February 2024." Case No. 23-61366, Dkts. 36, 37. The Bankruptcy Court granted the continuance over the objection of the U.S. Trustee and rescheduled the hearing for February 29, 2024. Case No. 23-61366, Dkt. 47. The morning of the scheduled hearing, Hayes requested a second continuance "[d]ue to unforeseen circumstances." He noted that he had previously "submitted [his] written response for the hearing." Case No. 23-61366, Dkt. 67. The Bankruptcy Court proceeded with the hearing and took the motion to dismiss under advisement. Case No. 23-61366, Dkts. 75, 76.

requested by CH. 13 Trustee until the alleged mortgage has been legally voided….."
Case No. 23-61366, Dkt. 66. Hayes's desire for an order on the validity of his mortgage is not a circumstance sufficient to excuse him of his obligations under the bankruptcy code. "[D]isclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." *Swenson v. ATCO Indus., LLC*, No. 3:23-CV-00590, 2024 WL 2412338, at *3 (M.D. Tenn. May 23, 2024). Accordingly, Hayes's petition was properly dismissed for failing to comply with 11 U.S.C.A. § 521(i)(1) and 11 U.S.C. § 1307(c)(3).

The Bankruptcy Court also dismissed Hayes's petition on the independent ground that he failed to pay the required filing fees. Case No. 23-61366, Dkt. 66. Title 28, United States Code § 1930(a)(1)(B) requires debtors commencing a case under Chapter 13 to pay a $235 fee. Failure to pay this fee is grounds for dismissal under 11 U.S.C.A. § 1307 (c).

I find that dismissal for failure to pay filing fees was appropriate. Hayes filed a motion to "Pay Filing Fee in Installments" with his Chapter 13 petition. Case No. 23-61366, Dkt. 4. The Bankruptcy Court granted Hayes's motion and set a schedule to pay in three installments on December 28, 2023, January 15, 2024, and February 12, 2024. Case No. 23-61366, Dkt. 13. Hayes paid the first installment on January 3, 2024. To date, Hayes has not paid the second or third installments despite notice and a hearing on the issue.[4] Thus, the Bankruptcy Court did not err in dismissing Hayes's petition for failure to pay the filing fee under 11 U.S.C.A. § 1307 (c).

        ii.   The Bankruptcy Court Did Not Err By Barring Hayes From Filing New Petitions For 365 Days

---

[4] *See supra* fn.2.

The Bankruptcy Court's March 7, 2024 order also barred Hayes from filing a new bankruptcy petition for 365 days, because his repeated "use of the bankruptcy system is abusive." Case No. 23-61366, Dkt. 82 at 16. I agree and affirm the Bankruptcy Court's temporary bar against filing.

The Fourth Circuit has held that 11 U.S.C.A. § 349 gives bankruptcy courts discretion to prohibit for cause the filing of successive bankruptcy petitions within a set time. *See In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998) (citing *In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997); *In re Casse*, 198 F.3d 327, 333 (2d Cir. 1999) (interpreting *In re Tomlin*, 105 F.3d at 940–41). Serial filing and repeated failure to comply with the Bankruptcy Code and Procedures is sufficient cause to warrant a bar on filing. *See In re Weaver*, 222 B.R. 523–24.

Here, the Bankruptcy Court conducted a thorough review of the record in this case and Hayes's previous filings and found that Hayes has a "history of serial filing" which "reflects a blatant disregard for his obligations and duties under the Bankruptcy Code." Case No. 23-61366, Dkt. 82 at 16. The court noted, among other things, that Hayes "has consistently failed to file the required documents," "failed to appear at the 341 meetings," and failed to "propos[e] a confirmable plan." *Id.* I find no "clear error" in the Bankruptcy Court's factual determinations and conclude that a 365-day prohibition on filing a bankruptcy petition is appropriate.

      iii. To The Extent Hayes Seeks to Appeal The Other Orders Contained In The Bankruptcy Court's March 7, 2024 Filing, His Appeals Are Dismissed as Moot.

The Bankruptcy Court also resolved several additional pending motions in its March 7, 2024. *See supra* 4–5. To the extent Hayes seeks to appeal the court's order on these motions, I find that the appeals are moot. An appeal is moot and must be dismissed when "an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual

relief whatever to the prevailing party." *Church of Scientology of Calif. v. U.S.*, 506 U.S. 9, 12 (1992).

Having found that the Bankruptcy Court properly dismissed Hayes's petition, the Court cannot now "fashion[] fair and effective judicial relief" for Hayes's other requests. *In re Sasso*, 409 B.R. 251, 254 (B.A.P. 1st Cir. 2009). There is no point in granting Hayes additional time to file schedules and statements or pay the filing fee for a bankruptcy case that has already been dismissed. Nor would it be helpful to grant Hayes a continuance of the motion to dismiss hearing because the motion has already been granted. Likewise, the Court cannot reinstate the automatic stay because Hayes lost the protection of the stay when the case was dismissed. *See supra* Part A. Because the Court cannot grant effective judicial relief to Hayes remaining appeals, the appeals are moot and must be dismissed.

IV.   **Conclusion**

For the reasons stated herein, Hayes's appeals, Case No. 6:24-cv-00004 and Case No. 6:24-cv-00011, are **DISMISSED**. An appropriate order shall issue in each civil action.

Entered:  September 3, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge